## RICHMOND BROS. v. SUNDBURG & CO.

1. **Instructions:** STATING ISSUES. Where the third division of the answer was substantially embraced in the second, it was not necessary to extend the statement of the issues beyond the second division.

2. **Depositions:** ERROR OF NOTARY: NO PREJUDICE. Where the question to witnesses whose depositions were taken was, "In whose care was the car-load sent," but the notary inadvertently wrote it "In whose car," and the answer was that certain persons ordered the car, *held* that the error was not prejudicial, since there was no controversy as to the person in whose care the car was sent, and it was not incompetent to inquire who ordered the car

Richmond Bros. v, Sundburg & Co.

3. **Sale:** CONTENTION AS TO OWNERSHIP OF PROPERTY: EVIDENCE. In an action for the price of a car-load of poultry shipped to defendants, where defendants denied plaintiff's ownership of the poultry, and claimed that they had bought it of a third person, the testimony of one of the plaintiffs as to a purchase of part of the poultry from such third person, and as to such person's indebtedness, was competent and material as showing plaintiff's title; and in such case there was no error in admitting the bill of lading and the live-stock contract, as they tended to show to and by whom the shipment was made; nor was there any error in admitting the testimony of one of plaintiffs as to who ordered the car; why the third person went with the car; what authority he had to settle for the car; that defendants never paid him for the poultry; and that they had made no remittance to plaintiffs for it.

4. **Evidence:** IMPEACHING WITNESS BY LETTERS. One who is a mere witness in a case cannot be impeached by letters written by him, but which have not been called to his attention when on the stand.

5. ——: LETTERS FROM THIRD PERSONS. Letters and telegrams from persons not parties to the action, sent to defendants, relating to their former business, and not shown to have been known to the plaintiffs, nor to have any connection with the subject-matter of the action, are not admissible in evidence.

6. **Instructions:** REPETITION NOT REQUIRED. Where the instructions given by the court on its own motion state plainly, fully, concisely and fairly the issues to be determined, and the law applicable thereto, it is not error to refuse other instructions asked.

7. **New Trial:** VERDICT JUSTIFIED. Where the verdict was justified by the evidence and instructions, a motion for a new trial, on the ground that the verdict was contrary to the law and the evidence, was properly overruled.

*Appeal from Montgomery District Court.*—HON. C. F. LOOFBOUROW, Judge.

FILED, MAY 9, 1889.

ACTION to recover the value of one car-load of poultry. Trial to a jury. Verdict and judgment for plaintiffs. Defendants appeal.

*W. S. Strawn,* for appellants.

*Smith McPherson,* for appellees.

GIVEN, C. J.—I.  A close examination of this some-
what lengthy record, and of the thirty-three assignments
of errors, with the arguments thereon, discloses that the
only point of controversy between the parties is whether
the defendants are accountable to the plaintiffs for a
certain car-load of poultry which the defendants received
and applied to their own use, and for which they deny
any liability to the plaintiffs.   The plaintiffs claim that
they owned and shipped the car-load of poultry in
question,. consigned to the defendants.   The defendants
deny that the plaintiffs owned said poultry, but say that
the same was delivered to them by J. W. Robertson, of
J. W. Robertson & Co., with whom they had long dealt
in that line, and to whom they had advanced money to
buy the poultry, and to whom they fully accounted and
made payment for the same.

II.   The first error assigned is that the court did not
fully state the defenses presented by the third division
1. INSTRUCTIONS: of the answer.   The third division is so sub-
stating issues. stantially embraced in the second as to
admit all the proofs that were offered, and to have
extended the statement of the issue was unnecessary, and
would have tended to confusion.

III.   In taking the depositions of J. W. Robertson
and of George Richmond upon written interrogatories,
2. DEPOSITIONS: the cross-question was put:   "In whose care
error of was the car-load claimed for in this action
notary: no
prejudice. sent to Chicago?"   The notary inadvertently
wrote it, "In whose car?" and the answer was:   "Rich-
mond Bros. ordered the car at Webster."   No pre-
judice could have resulted from this mistake, as there
was no controversy but that J. W. Robertson did
accompany the car, and it was competent to prove who
procured the car.

George Richmond was inquired of as to a purchase
of poultry from Robertson & Co., which formed a part

**3. SALE: conten-tion as to ownership of property: evidence.** of the car-load, and as to the indebtedness of Robertson & Co. As the defendants deny plaintiff's ownership of the poultry, and claim the same under Robertson & Co., this testimony was competent and material, as showing the plaintiffs' title.

There was no error in admitting the bill of lading nor the live-stock contract in evidence, as they tended to show by and to whom the shipment was made. Nor was there any error in admitting in evidence the testimony of A. M. Richmond as to who ordered the car; why Robertson went with the car; what authority Robertson had to settle for the car; that the defendants never paid him for the poultry; or that they had made no remittance to the plaintiffs for the poultry.

IV. The defendants offered certain letters and telegrams from Robertson & Co. to them, concerning their past transactions, and what Robertson & Co. were going to do; claiming that the same were admissible, as going to impeach Robertson, if for no other purpose. Robertson's relation to the case is simply that of a witness, and none of these letters were called to his attention at the time of his examination, and hence are not admissible, even for impeaching purposes.

**4. EVIDENCE: impeaching witness by letters.**

V. Exhibits B, 1 to 4, are letters and telegrams from Robertson & Co. to defendants, relating to their former business, and are not shown to have been known to the plaintiffs, nor to have had any connection with the car of poultry in question. They were therefore properly excluded.

**5. ——: letters from third persons.**

VI. The seven instructions given by the court on its own motion state plainly, fully, concisely and fairly the issue to be determined, and the law applicable thereto, and hence there was no error in the instructions given; and, as these instructions cover fully the law of the case, there was no error in refusing those asked by the defendants.

**6. INSTRUCTIONS: repetition not required.**

VII. Under the testimony and instructions the jury might properly find, as they did, for the plaintiffs;

7. New trial: verdict justified. hence there was no error in overruling the defendants' motion for a new trial, or in not holding that the verdict was contrary to the law, or to the weight of the evidence. The judgment of the district court is AFFIRMED.