25899. SEWELL *v.* GOODMAN.

DECIDED FEBRUARY 13, 1937.

*W. B. Mebane, M. B. Eubanks,* for plaintiff in error.
*Maddox & Griffin,* contra.

FELTON, J. In this suit by the owner of an automobile truck for property damage sustained in a collision with the automobile of the defendant, coming from the opposite direction, the evidence was in sharp conflict as to whether the plaintiff's driver or the defendant, in attempting to pass, turned to the wrong side beyond the center of the highway, in violation of the Code, § 68-303(c), and of the rule of the road. The jury determined this, the only issue, in favor of the plaintiff. The plaintiff in error in his brief concedes that the verdict was authorized, and insists only on the one special ground, an exception to admission of evidence. On cross-examination of the defendant, the court admitted his testimony as follows: "I have only one good eye. I am not totally blind in my right eye. I can see out of the right eye. I have about three-fourths disability in sight in the right eye. The three-fourths loss of sight in the right eye interferes to some ex-

248

tent with the driving of an automobile." Objection was made to this evidence as irrelevant and inadmissible, because there was no allegation of negligence based on the defect in sight of the right eye of the defendant, or on its interference with his driving at the time of the injury, and because the defendant had not been put on notice that the plaintiff would seek to recover on such ground. The court did not err in admitting this testimony, even though the petition did not charge, as the basis of the alleged negligence, the handicap in the eyesight of the defendant, since its admitted existence was a relevant though not necessarily controlling fact for the jury to consider in determining the conflict in the testimony as to which automobile was on the wrong side of the highway, and in passing on the value and weight of other testimony by the defendant that he was on the proper side of the road.

*Judgment affirmed. Stephens, P. J., and Sutton J., concur.*