SARAH NEWMAN, Appellant, v. W. E. HOTZ, Appellee.

No. 44620.

April 4, 1939.

Rehearing Denied September 22, 1939.

Geo. C. Claassen, for appellant.

V. C. Shuttleworth, C. C. Putnam, and Max Putnam, for appellee.

Sager, J.—The record presents the ordinary picture of this kind of an accident, with the usual contradictions found therein, but the jury could have found the facts to be narrated. On the afternoon of November 27, 1935, between 5:30 and 6 o'clock, plaintiff was riding as a passenger in her husband's car between Cedar Rapids and Center Point on paved primary high-

836

way No. 11. The husband's car was in good condition. He was driving in a southeasterly direction with the plaintiff sitting beside him. His speed was never above thirty-five miles per hour. The weather that day had been rainy and misty. When the plaintiff and her husband left Center Point, it was foggy and misty, with some snow. South of the place where the accident occurred, the incline of a viaduct over the tracks of a railroad began. The collision which resulted in plaintiff's injuries happened 600 or 700 feet from the beginning of the incline. The area at that place was low, and trees along the roadside tended to decrease visibility. The mist and fog were thicker and darker there than they had encountered before, though it had varied as they traveled to the place the accident occurred. The car had a windshield wiper before the driver, but not in front of the plaintiff. Her ability to see because of the accumulation of moisture on the windshield in front of her was greatly reduced and she couldn't see very far ahead of the car. She was looking ahead but didn't see the defendant's car until within about ten feet before the crash and at a time when the husband had started to go around. The defendant's car stood on the right-hand side of the pavement in the line of plaintiff's travel. It was an old car, faded, dark and dirty, with no shiny metal to reflect light. While defendant says that the taillight was burning on his car, the jury could have found otherwise.

Defendant testified that he started on the journey of that day with the car apparently in good condition. Some distance north of the viaduct, he discovered that the car was not performing properly because, as he thought, a hind wheel had become locked. He succeeded in driving the car off onto the shoulder of the highway and left it there while he went back to get one Schrimper, a station attendant, to help him out of his difficulty. He returned with the station man in a Ford touring car to the place defendant's automobile was standing. A chain was attached and attempt made to get the stalled car started. This succeeded only to the extent that it was dragged back on the paving, and then the chain by which it was being towed broke. It being apparent that further attempts would be useless, defendant asked Schrimper to call a wrecker for him. Schrimper, before leaving, left with the defendant a small flash-

light to be used, and which defendant says he did use, in giving a warning to other drivers passing that way.

While waiting for the wrecker, plaintiff and her husband came along and crashed into the standing car, with the result that plaintiff sustained the injuries for which she sues. There is some contention made by the defendant in argument that plaintiff had directed or assumed to direct the husband in the driving of the car, but the jury could have found against this claim. There are, of course, in the record many other details by which a jury would have had a more complete picture, but we have given enough of the general outlines to permit a disposal of the questions upon which we are called to pass.

The record presents four propositions which enter into a right conclusion. They are: First, whether the defendant was negligent; second, whether plaintiff's husband was negligent; third, was the plaintiff herself negligent; and fourth, was the husband's negligence the sole proximate cause of plaintiff's injuries?

The third inquiry, of course, includes the question of imputed negligence. A discussion of the evidence which the jury might have considered in reaching the answer to any and all of these propositions is unnecessary. It is sufficient to say that we find that the jury could have found that both the defendant and plaintiff's husband were negligent and will dispose of the case on that assumption. The court, in directing a verdict against the plaintiff, must have found either negligence in the plaintiff herself, or that the negligence of her husband was imputed to her, and that because of either or both, she was not entitled to recover; or the court may have taken the defendant's view that the husband's negligence was the sole proximate cause of the injuries, and, as a result, she had not made a case.

The court's ruling on motion did not disclose the grounds upon which it placed, but from what occurred between court and counsel, we are inclined to the view that it was based on proximate cause. But upon whatever ground placed, we think that the court was in error, and that the case should have gone to the jury under proper instructions.

The assumption made above leaves for consideration the question of plaintiff's own negligence, imputed negligence and proximate cause. As to the plaintiff's own negligence, we

are satisfied that a conclusion in her favor on that question would find support in the evidence. We direct our attention, therefore, to the question of whether, assuming as we have, that her husband was negligent, this deprives plaintiff of any right to recover. With reference to imputed negligence, it is sufficient to quote from Schwind v. Gibson, 220 Iowa 377, 385, 260 N. W. 853, 858:

"It is also the settled rule of law in this state that the negligence of a driver of an automobile cannot be imputed to a guest riding in the car who has no control or right to control the operation thereof. Wagner v. Kloster, 188 Iowa 174, 175 N. W. 840; Waring v. Dubuque Electric Co., 192 Iowa 1240, 186 N. W. 42; Stilson v. Ellis, 208 Iowa 1157, 225 N. W. 346; Albert v. Maher Bros. Trans. Co., 215 Iowa 197, 243 N. W. 561; Kuhn v. Kjose, 216 Iowa 36, 248 N. W. 230. The evidence clearly tends to show that the decedent was riding as a guest in the Fleming car, that the entire charge and control thereof was in the driver, Fleming, and that the decedent had no charge or control whatever over the car or its driver. Whether or not the driver of the car in which decedent was riding was guilty of negligence in failing to have his car under proper control, and whether or not such negligence was the sole and proximate cause of the collision, was for the jury. Whether or not defendant's negligence was the proximate cause of the collision was also for the jury." See, also, Kehm v. Dilts, 222 Iowa 826, 270 N. W. 388; 6 Am. Jur. Automobiles, sections 494 and 498.

We do not overlook the so-called joint enterprise doctrine by which defendant seeks to avoid the effect of the cases above cited. There is no evidence in the record before us which would warrant the jury in holding that plaintiff had control over or right to direct the movements of the car. Her sugestions (if she made any) to her husband that he should not drive faster than thirty-five miles per hour falls far short of such control, and the mere fact that husband and wife are on the same mission does not change the result. Stingley v. Crawford, 219 Iowa 509, 258 N. W. 316.

Appellee argues in support of the court's ruling that the husband's negligence was the sole proximate cause of plaintiff's injuries. We do not agree with this contention, nor does

Albrecht v. Waterloo Construction Company, 218 Iowa 1205, 257 N. W. 183, support it. In that case the defendant's truck was visible for 250 feet and the question of concurrent negligence is not involved. Greenland v. City of Des Moines, 206 Iowa 1298, 221 N. W. 953; Scoville v. Clear Lake Bakery, 213 Iowa 534, 239 N. W. 10; Sheridan v. Limbrecht, 205 Iowa 573, 218 N. W. 278; and Whitman v. Pilmer, 214 Iowa 461, 239 N. W. 686, cited by appellee, are so different and readily distinguishable that an analysis of them here would serve no useful purpose.

█ With the principle announced in the cases to which we have directed attention, we turn to the matter of proximate cause. We have already said that the jury could have found the plaintiff free from negligence and her husband and defendant both guilty thereof. Does this deprive plaintiff of the right to recover? We have held not. We said in Newland v. McClelland & Son, 217 Iowa 568, 574, 250 N. W. 229, 232:

"Each driver could be guilty of proximate negligence. If the driver of the McClelland car was guilty of proximate negligence, the defendants would be answerable, even though the driver of the Hale car was likewise guilty of proximate negligence. The accident might be due to the negligence of both drivers, and neither can escape because the negligence of the other was a proximate cause of the accident. Appellants can only escape if the driver of their car was guilty of no proximate negligence. Duncan v. Rhomberg, 212 Iowa 389, 236 N. W. 638." See, also, Dennis v. Merrill, 218 Iowa 1259, 257 N. W. 322, and Duncan v. Rhomberg, supra.

We have not receded from the doctrine announced in these cases and the cause before us affords us no reason for doing so. Appellee's contention that the wayside station attendant who unsuccessfully attempted to drag defendant's automobile with the Ford touring car was an independent contractor so as to relieve defendant of his negligence finds so little support in the record that it is difficult to believe that it is put forth seriously. The disposal we make of this case makes it unnecessary that we examine and analyze the statute with reference to taillights and parking on the pavement or of the decisions dealing therewith.

Appellee's argument to the effect that appellant's argu-

ment of assignment of errors fail to comply with Rule 30, has not been overlooked.

Because of error in the trial court in directing verdict against the plaintiff, the case should be, and it is reversed.— Reversed.

STIGER, OLIVER, MILLER, HAMILTON, and HALE, JJ., concur.