DUANE GARDNER, Appellee, v. JOHN A. JOHNSON et ux., Appellants; AMANDA E. McKEIGHAN et al., Appellees.

No. 45798.

MAY 12, 1942.

Ferguson & Ferguson, Miller, Hines & Higgins, and More & More, for appellants.

White & White, for appellee.

GARFIELD, J.—The note in suit is for $600, dated September 15, 1930. It was signed by defendants John A. Johnson and Anna B. Johnson, husband and wife, payable to Amanda E. McKeighan, mother of Anna B. Johnson. The payee transferred the note after maturity to plaintiff. Defendants interposed different defenses, all of which were withdrawn from the jury except Anna B. Johnson's separate defense of want of consideration. The court, in effect, directed a verdict against John A. Johnson. Defendants have appealed from the verdict and judgment (for $1,346.22) against Anna B. Johnson, and the overruling of the motion for new trial and exceptions to instructions. Anna B. Johnson will be referred to as sole appellant.

We find it necessary to discuss but one of appellant's three

claims to a reversal—that the jury was not sufficiently instructed regarding the defense of no consideration.

It appears in evidence, without dispute, that appellant was not present when the note was signed by her husband and the $600 was delivered to him by the payee or her agent. This was done at the payee's home, about 90 miles from the home of appellant and her husband. Appellant's signature was added a few days later, the exact time being in dispute. There is no claim of any new or added consideration for appellant's signature. There is sufficient evidence from which the jury could have found not only that there was no understanding or agreement that appellant was to sign the note but that the payee expressly agreed appellant's signature was not necessary; that appellant later signed the note pursuant to a request from another son-in-law of the payee, induced by appellee's wife (a foster daughter of payee) who "was fussing because mother loaned Jack the money."

It is true appellee testified, in substance, and the jury could have found, that the payee agreed to make the loan provided appellant would sign the note. A dispute of fact was thus presented for the jury. The note was secured by a chattel mortgage on property of John A. Johnson. Appellant, the jury could have found, received no part of the proceeds of the loan, which were entirely used to pay an individual debt of the husband.

We go now to the instructions. Instructions 1, 2, and 3 refer to the pleaded issues, including those withdrawn. The defense of want of consideration is referred to in No. 3 as follows:

"To * * * plaintiff's petition, the defendant Anna B. Johnson, has filed her separate answer and alleging in substance: * * * that insofar as she is concerned, the note in suit is without consideration as to her, and does not constitute a valid obligation against her."

Appellant's pleading of no consideration was in the same general terms set out in the instruction.

Instruction 4 states that plaintiff would be entitled to recover unless Anna B. Johnson had shown by a preponderance of the evidence that as to her the note was without consideration.

Instruction 5 quotes section 9484, Code, 1939, (section 24, Negotiable Instruments Law):

" 'Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value.' "

Instruction 6 reads:

"Consideration * * * means something of value moving from one person to another, a benefit to the party promising, or a loss to the person to whom the promise is made."

Instructions 7, 8, and 9 are stock instructions defining "preponderance of the evidence," dealing with credibility of the witnesses, and forms of verdict. These are all the instructions that were given. Appellant requested no instructions.

We hold that the trial court, even in the absence of a request, should have explained the meaning of consideration as used in this case and given the jury some guide by which to apply the law to the evidence. To be more specific, if the jury found appellant's version of the facts to be true, that at the time of the making of the note the payee agreed that appellant need not sign it, or even that there was no agreement or understanding that appellant would sign, then, under the circumstances here, there was no consideration for her signature. If, however, the payee made the loan with the understanding that appellant's signature would be added, then there was sufficient consideration. The jury should have been so instructed. For authorities bearing on the question of consideration for appellant's signature, see Cooley v. Will, 212 Iowa 701, 705, 706, 237 N. W. 315, 317; Jones v. Wilson, 219 Iowa 324, 258 N. W. 82; Sterner v. Springville Sav. Bk., 221 Iowa 1362, 1366, 1367, 268 N. W. 158.

The single issue in the case was that of consideration. Merely to give the jury an abstract definition of the term, having no application to this controversy, did not enable the jury to return an intelligent verdict. The doctrine relied upon by appellee that correct instructions are sufficient in the absence of request for amplification is not applicable here. It is the trial court's duty to see that the jury has a clear and intelligent understand-

1236

ing of what it is to decide, and failure to instruct with reasonable fullness, even in the absence of request, is error. The instructions afford the only guide the jury has for the correct application of the law to the facts. The following authorities support our conclusion: Busch v. Tjentland, 182 Iowa 360, 165 N. W. 999; State v. Wheeler, 216 Iowa 433, 249 N. W. 162; Raskin v. City of Sioux City, 198 Iowa 865, 200 N. W. 333; Capital City B. & P. Co. v. City of Des Moines, 136 Iowa 243, 254, 113 N. W. 835; Overhouser v. American Cereal Co., 128 Iowa 580, 585, 105 N. W. 113.

Appellant does not challenge the correctness of instruction 4 in placing upon her the burden to prove want of consideration. Indeed, in her exceptions to instructions, and in argument, she assumes that she had the burden on this issue. We therefore do not decide whether the trial court correctly placed the burden of proof upon appellant.

The judgment is—Reversed.

BLISS, C. J., and SAGER, OLIVER, HALE, MILLER, and WENNERSTRUM, JJ., concur.