IN RE ESTATE OF IVAN REPP.

CAL REPP, proponent-appellant, v. ELMYRA L. MCLAUGHLIN, contestant-appellee.

No. 47512.

(Reported in 40 N.W. 2d 607)

JANUARY 10, 1950.

Hugh W. Lundy, of Albia, and Campbell & Campbell, of Newton, for appellant.

Alfred M. Pabst, of Albia, for appellee.

HALE, J.—On May 24, 1948, there was filed in the office of the clerk of the district court of Monroe County an affidavit of death of Ivan L. Repp, who died on May 22, 1948, and an instrument purported to be the last will and testament of the said Ivan L. Repp. The will was dated January 5, 1948, but was executed February 14, 1948, and provides for the payment of debts, funeral expenses, and costs, and the appointment of executor. It provided that the receipts from the sale of his property be divided proportionally among various persons named, being nephews and nieces, and grandnephews and grandnieces, and provided for the distribution of specific articles of household and personal property. The will was signed by the testator and bore an attestation clause signed by M. C. Lowenberg and Betty E. Hersman, which clause will be referred to hereafter.

Elmyra L. McLaughlin filed in said office objections to admission to probate of the purported will of Ivan L. Repp, deceased, reciting, among other things, that the sole and only heirs of deceased are certain brothers and sisters named, together with the objector; reciting that decedent was unduly influenced in the making of said instrument. The objections further state that the instrument offered for probate "was not executed in accordance with the statute of wills as set forth in the statutes of Iowa governing the execution of instruments, in that the signature of the decedent was not witnessed by the persons purporting to act as witnesses, and in fact they did not see the decedent sign said will nor thereafter was his signature in any way acknowledged by him to said witnesses, and that therefore said instrument fails to meet the statutory requirement that his execution of said instrument and his signature thereof was witnessed by two or more competent witnesses. That the witnesses purporting to sign said will did not at any time sign the same in the presence of the decedent, Ivan Repp," and ask that the admission of the will to probate be denied.

The case was tried to a jury who, on December 16, 1948, returned a verdict admitting the will to probate. Thereafter contestant filed a motion for judgment notwithstanding verdict, and also a motion for new trial. Motion for judgment notwithstanding verdict was overruled; motion for new trial sustained, and the verdict of the jury set aside and new trial ordered. From the order of court granting a new trial the proponent, Cal Repp, appeals.

At the trial the only issue was the contestant's claim that the will was not properly witnessed. There was no issue nor question that the decedent did not sign the will, and there was no issue that the two witnesses did not sign the certificate of attestation. The attestation certificate, as set out, contained recitals of all facts necessary to constitute the due execution and witnessing of the will. The claim of the proponent is that this certificate of attestation made a prima facie case for proponent, furnishing a presumption of fact that the recitals contained in it were true.

M. C. Lowenberg, engaged in real estate business, had an office in Albia, and in January Ivan Repp came to his office

bringing with him notes as to the disposition of his property and Lowenberg undertook to prepare a will embodying Repp's wishes. He testifies that he prepared such a will and that on February 14 Repp came to his office to sign the will; that there was no one in the office except Repp and Lowenberg and that the latter went to a near-by office and requested Betty E. Hersman, employed there, to come to his office and act as a witness; that the witnesses on the same occasion and in his presence both signed as witnesses on or about the fourteenth day of February, the date of the attestation certificate. Betty E. Hersman, however, testified that she came to Lowenberg's office, saw the decedent at the desk, saw Lowenberg hand the decedent the pen, saw the decedent place the pen in proper position on the paper to be signed, saw his hand shaking but never saw the signature. She testified that she was called to her own office by the ringing of her telephone, was not back in Lowenberg's office that day, and that she did not sign the instrument that day, nor in the presence of decedent. She testified further that some weeks or months later Lowenberg came to a filling station near her place of residence; that she was called out and that she signed the paper there in the presence of Lowenberg, and that the decedent was not present at that time. This testimony was in contradiction to part of Lowenberg's testimony.

The testimony of two other witnesses was introduced, who were alleged to have been in the neighborhood, in support of Mrs. Hersman's testimony, but neither testified directly to seeing her sign any paper, though one saw a paper in Lowenberg's hand.

The case being submitted to the jury, they found for the proponent.

■ ■ I. The principal ground of the motion for new trial was that the court erred in refusing to allow the witness, Mrs. Hersman, to testify to the conversation between her and Lowenberg at the time and place she claims the will was signed by her as a witness—months after the decedent had signed it and not in the presence of decedent. The objection made by the proponent to this testimony was that it was hearsay, not in the presence of the decedent, and the court sustained the objection and the exclusion of the testimony. After a hearing on the motion

for new trial the judge suggested that he might have made a mistake when he excluded the testimony.

On the motion for new trial the court held that the testimony of Betty E. Hersman should have been admitted in evidence at the trial. She testified there that she did not sign the will in the presence of the testator at the time and place where he signed; that she signed it weeks later at or near a filling station adjacent to her home. Counsel for contestant asked: "Did you sign it then? Did you talk with Mr. Lowenberg whether it was proper for you to sign? A. Yes, I did ask him. Q. What did you ask him?" Counsel objected to this question as calling for hearsay, not in the presence of the alleged testator. The court sustained the objection, and contestant excepted to the ruling. It is claimed by proponent and conceded in argument by the contestant that the trial court based its ruling, in part at least, granting a new trial on the ground that the ruling on the foregoing testimony of Betty E. Hersman was incorrect.

In support of his assigned error proponent argues that the evidence heretofore set out was as to the statements made by attesting witnesses between themselves, not in the presence of the testator, and was therefore hearsay offered in proof of the facts recited. He alleges that under the instructions of the court, which became the law of the case, not being excepted to, the trial court held that in order to uphold the will it must be found that the witnesses signed in the presence of the testator.

An instruction of the court was:

"You must find by the greater weight or preponderance of the evidence * * * that the subscribing witnesses, M. C. Lowenberg and Betty E. Hersman, signed the said instrument in the presence of the decedent, Ivan Repp. * * * The laws of this state further require that a will, to be properly executed, must be signed by the subscribing witnesses in the presence of the testator."

This instruction was favorable to the contestant. Hence, assuming the theory of the proponent to be correct, contestant is in no position to complain. The instruction was favorable to her. Boerner Fry Co. v. Mucci, 158 Iowa 315, 138 N.W. 866. The ruling of the court simply excluded the testimony of Betty

E. Hersman as to conversation that may have taken place between her and the other witness at a time and place where the testator was not present. In any event the exclusion of Betty E. Hersman's testimony was not sufficiently prejudicial to contestant to warrant granting a new trial. The jury did not believe that Betty E. Hersman signed the will at the filling station, or the verdict under this instruction would have been for the contestant. Hence the excluded testimony would not aid contestant. Also, the trial court did not exclude any statements made by the other attesting witness at the time of the conversation and alleged signing testified to by Betty E. Hersman, but only excluded the testimony of the witness Betty E. Hersman as to what she herself said outside of the presence of the testator. No evidence as to the statements of Lowenberg at that time were offered by the contestant or excluded by the court. Also, there was no offer as to what, if anything, the evidence would prove Lowenberg said, but only an offer to prove what the witness said to Lowenberg. The question propounded does not show what the evidence sought would disclose, nor is it apparent from the nature of the question.

 " 'The true rule, we think, is that, when it is apparent upon the face of the question asked the witness what the evidence sought to be introduced is, and that it is material, this is sufficient; but when this is not apparent, then the party seeking to introduce the evidence is required to state what he expects to prove, and thus make its materiality appear.' " Votaw & Hartshorn v. Diehl, 62 Iowa 676, 680, 13 N.W. 757, 18 N. W. 305.

 Contestant argues that the testimony should have been admitted for impeachment purposes, but no attempt was made to lay the foundation for such purposes. Richmond Brothers v. Sundburg & Co., 77 Iowa 255, 42 N.W. 184; Hoover v. Hoover, 238 Iowa 88, 26 N.W. 2d 98, and cases cited.

"The declarations of an attesting witness may, when inconsistent with his testimony, be admissible to impeach him as a witness, but not for any other purpose." 68 C. J., Wills, section 769, page 1001. See also Speer v. Speer, 146 Iowa 6, 123 N.W. 176, 27 L.R.A., N.S., 294, 140 Am. St. Rep. 268, citing 1 Greenleaf, Evidence, 15th Ed., section 126.

We conclude that the court erred in granting a new trial

on motion based in part on his ruling as to the testimony of Betty E. Hersman.

II. The court sustained the motion for new trial partly on the ground that there was insufficient evidence of the due execution and witnessing of the will. It is undisputed that the testator and the witnesses signed the will. The presumption arises that it was duly executed even if there had been no attestation certificate. In re Will of Snellbaker, 155 Iowa 390, 136 N.W. 223; In re Estate of Olson, 239 Iowa 1149, 34 N.W. 2d 207.

There was, in the present case, an attestation clause setting out the doing of all things necessary under the statute. This, in connection with the positive testimony of one subscribing witness, presented a case for the jury, there being the actual testimony of an eyewitness together with the presumption raised by the attestation clause of a prima facie case. The trial court, in overruling motions for directed verdict, originally held this to be true, and properly so. Schnathorst v. Williams, 240 Iowa 561, 36 N.W. 2d 739; Hidy v. Murray, 101 Iowa 65, 69 N.W. 1138.

The legislature has provided for such a contingency as arises when a subscribing witness denies his signature or fails to recollect it. The Code of 1946, section 622.24 provides: "When a subscribing witness denies or does not recollect the execution of the instrument to which his name is subscribed as such witness, its execution may be proved by other evidence." It has been frequently held that the testimony of an attesting witness impeaching a will is viewed with suspicion. So that a will may be probated notwithstanding the failure of memory or even the denial of one or both of the attesting witnesses. The question is for the jury. In re Estate of Olson, supra. The contestant concedes that under some circumstances this is true.

Other concessions are made as to matters connected with the execution of the will, but it is unnecessary to consider them, as the only questions here involve the admission of the testimony and the sufficiency of the evidence.

We have before us then the evidence of one attesting witness, the presumption created by the attestation clause, and the concession of the validity of the signatures of the testator and the two attesting witnesses. The attestation clause recites that Repp subscribed the instrument in the presence of each of the

witnesses; that he was at the time of sound mind and memory, was under no restraint; that he declared the will to be his last will and testament; that each of the witnesses was requested by him to subscribe the instrument, and that each of the witnesses subscribed his or her name to it as witness. This was sufficient for submission to the jury and they were the judges as between the conflicting statements of the two subscribing witnesses. See Frank v. Berry, 128 Iowa 223, 103 N.W. 358; Ayrhart v. Wilhelmy, 135 Iowa 290, 112 N.W. 782.

Such a clause, reciting the observance of statutory requirements as to the execution of the will, raises a presumption of the due execution of such will if proof is made of the genuineness of the signatures of the witnesses and testator. This is the general rule and so held in Iowa. See In re Will of Hull, 117 Iowa 738, 89 N.W. 979; Scott v. Hawks, 107 Iowa 723, 77 N.W. 467, 70 Am. St. Rep. 228.

"An attestation clause is prima facie evidence of the facts stated or recited therein." 68 C.J., Wills, section 798, page 1017; In re Estate of Mathews, 234 Iowa 188, 12 N.W. 2d 162.

We are satisfied that the court properly submitted the case to the jury in the original trial, but that it erred in granting a new trial. So viewing it, we hold that the order of the court should be reversed and the cause should be remanded to the district court for the entry of an order admitting the will to probate.—Reversed and remanded.

All JUSTICES concur.