DIANE LAW, a minor, by her father and next friend, Richard G. Law, appellant, v. HANS FRANKLIN HEMMINGSEN AND FRANCIS PUTNAM, d/b/a PUTNAM SERVI-SYSTEM, appellees.

No. 49409.

(Reported in 89 N.W.2d 386)

822

APRIL 9, 1958.

Robert M. Dippel and Noran L. Davis, both of Council Bluffs, and Charles E. Kirchner, of Omaha, Nebraska, for appellant.

Smith, Peterson, Beckman & Willson, of Council Bluffs, for appellees.

GARFIELD, J.—Plaintiff, a little girl of four, was seriously and permanently injured in a collision between a Chevrolet automobile driven by her father in which she and her mother were riding and a gasoline tank truck driven by defendant Hemmingsen, owned by defendant Putnam. The collision occurred February 29, 1952, just before dawn, on U. S. Highway 75 about 1½ miles north of Council Bluffs. The Law car was proceeding south, the truck north. The collision was near a slight curve to the east—left for the Law car, right for the truck—in the 18-foot paved roadway. The three occupants of the Chevrolet were thrown from the car and all were unconscious for a time. Plaintiff was the most seriously injured.

The first trial resulted in judgment for defendants on directed verdict which we reversed. Law v. Hemmingsen, 247 Iowa 855, 76 N.W.2d 783, where the general fact situation is stated. The second trial ended in a jury verdict and judgment for defendants from which plaintiff has appealed.

Principal controversy in the evidence has to do with which driver in meeting the other failed to give half the traveled way by turning to the right in violation of section 321.298, Code of 1954. Evidence for plaintiff is that the truck was partly in the Law, west, lane of traffic when the vehicles collided. Defendants' testimony was that the Chevrolet was then partly in their, east, lane. Speed of the two vehicles and other matters, as in most cases of this kind, are also in dispute. There is substantial evidence both drivers were negligent.

I. Plaintiff first complains of the court's refusal to instruct the jury that if the collision was caused by the concurring or combined negligence of defendant Hemmingsen and plaintiff's father she would be entitled to recover her damages. Plaintiff requested an instruction 3 to this effect which was refused and no such instruction was given. We are clear this was error. Defendants' argument that the instructions sufficiently cover the point cannot be accepted.

This argument is based on a statement in instruction 15, a stock definition of proximate cause, that "It does not mean the

sole and only cause of the injury complained of" which follows "Proximate cause means the direct, efficient, producing cause." Also upon instruction 16 which says the negligence of the father, Richard Law, would not be imputed to plaintiff, but if it was the sole and only cause of the collision plaintiff could not recover.

Instruction 16 is one of ten instructions given by the court that were requested by defendants. Defendants' sixth request embodies the same thought expressed in plaintiff's third requested instruction. But this portion of defendants' sixth request is not found in the court's instructions although some other parts of it were given. Instruction 16 is not fairly balanced and the omission is not elsewhere supplied. The jury should have been clearly told that if the collision was proximately caused partly by Hemmingsen's negligence as charged and partly by Mr. Law's negligence plaintiff could recover her damages resulting therefrom. This might well have been added to instruction 16.

The question under discussion is at the very heart of the case. The jury should not have been left to guess as to the rights and obligations of the parties if the negligence of defendant-driver and Mr. Law combined to cause the collision. It could not reasonably be expected to arrive at the applicable rule of law merely from the abstract stock statement in instruction 15 that proximate cause does not mean the sole and only cause.

There is no merit to defendants' suggestion that plaintiff's third request improperly assumes defendant-driver was negligent. It is true the words "proximately caused by the concurring negligence" would be somewhat preferable to "the result of the concurring negligence" as used in the request. But the request was clearly sufficient to call to the court's attention the importance of such an instruction. See Dice v. Johnson, 187 Iowa 1134, 1137, 175 N.W. 38; State v. Cessna, 170 Iowa 726, 729-31, 153 N.W. 194, Ann. Cas. 1917D 289; Wise v. Outtrim, 139 Iowa 192, 204, 205, 117 N.W. 264, 130 Am. St. Rep. 301; Hanson v. Kline, 136 Iowa 101, 112, 113 N.W. 504; Kinyon v. Chicago & N.W. Ry. Co., 118 Iowa 349, 361, 92 N.W. 40, 44, 96 Am. St. Rep. 382.

The Kinyon case states: "As a rule, instructions offered by counsel are not so framed that the court is justified in giving

them literally as asked, but, if the main thought sought to be expressed contains a pertinent legal principle which is not already fully covered by other instructions given, the court should embody it in proper words in its own charge."

█ It is the court's duty to instruct with reasonable fullness on the issues, and a mere abstract definition of a term, having no application to the particular controversy, is insufficient. The instructions afford the only guide the jury has for correct application of the law to the facts. Gardner v. Johnson, 231 Iowa 1233, 1235, 1236, 3 N.W.2d 606, 607, 608, and citations; Sanford v. Nesbit, 234 Iowa 14, 18, 19, 11 N.W.2d 695, 698.

█ That each person whose negligence concurs or combines to cause injury to another is liable therefor is so well settled citation of authority is hardly necessary. Nor do defendants dispute the proposition. See, however, Newman v. Hotz, 226 Iowa 834, 839, 285 N.W. 287, and citations; Johnson v. McVicker, 216 Iowa 654, 657, 247 N.W. 488, and citations; McDonald v. Robinson, 207 Iowa 1293, 1295, 224 N.W. 820, 62 A. L. R. 1419, 1422; Judd v. Rudolph, 207 Iowa 113, 119, 222 N.W. 416, 62 A. L. R. 1174, 1180; Restatement Torts, section 439, and Comment b; 60 C. J. S., Motor Vehicles, section 254, page 620 ("* * * and it is immaterial which of the negligent persons was more negligent or whose negligence contributed more to the accident."). 5A Am. Jur., Automobiles and Highway Traffic, section 238, page 372 ("* * * that the negligence of one may have been greater than the negligence of the other does not bar recovery from the latter.").

█ Perhaps we should add that since plaintiff was only four when injured there is no issue of her freedom from contributory negligence.

II.  Defendants apparently question the sufficiency of plaintiff's objections to the court's refusal of her third requested instruction as required by rule 196, Rules of Civil Procedure, Tucker v. Tolerton & Warfield Co., 249 Iowa 405, 412, 86 N.W.2d 822, 827, and cases there cited. There is no doubt the request was made and refused.

█ During the trial the hearing on requested instructions was held in the judge's chambers and the official reporter made a stenotype record thereof. When the typewritten transcript of

the trial record was prepared, after the appeal was taken, it was discovered the record made in chambers had been lost or misplaced. Opposing counsel stipulated in writing the hearing just referred to was held, a record of it was made by the reporter and "said record containing objections and exceptions by counsel has been lost or mislaid." Thereafter the reporter made affidavit the above record was made but he was unable to find it after diligent search.

The trial judge also made affidavit that the stenotype record of rulings on objections to instructions given and refusal of those requested by both sides, taken in chambers, had been lost or mislaid and was not available. Also that counsel for both sides "made appropriate objections * * * to all rulings on instructions given which were adverse to their respective clients and are material to the issues on appeal."

The record on appeal contains all the above matters together with an affidavit of plaintiff's counsel that at the hearing in chambers he or they objected to the court's failure to give the instructions requested and any adequate instruction on the law as to the joint and several liability of defendant-driver and particularly on concurrent negligence. Opposing counsel later agreed "the foregoing shall constitute the record on appeal" and the trial judge certified it was the agreed record.

Rule 341(a), Rules of Civil Procedure, states in part, "If anything material to either party is omitted from the record on appeal by error or accident, * * * the parties by stipulation, or the trial court, either before or after the record is transmitted to the supreme court * * * may direct the correction thereof * * *." Rule 341 is broader than section 12857, Code of 1939 (4127, Code of 1897) which it supersedes. The statute made no provision for correction of the record by stipulation and provided for notice to the adverse party, a requirement not found in rule 341.

Kohl v. Arp, 236 Iowa 31, 35, 37, 17 N.W.2d 824, 827, 169 A. L. R. 1067, 1071, 1072, is the principal decision that has arisen under rule 341. There the trial judge made an ex parte order for leave to amend the typewritten record by adding the instructions given and requested. Appellee attacked the order in the district court and moved in this court to strike what was

added to the record. While we pointed out the amendment of the record should not have been ordered ex parte we refused to say there was not substantial compliance with rule 341(a). "Nor can it be doubted the district court had, under the rule quoted, full authority to correct the record." We denied the motion to strike from the record the instructions given and asked.

Upon the point now considered the present case seems as strong for plaintiff as Kohl v. Arp was for those appellants. The judge's affidavit is as effective as the ex parte order procured by Arp. As in the cited case appellees should have had notice of the affidavit the judge intended to make even though rule 341 does not require it. However, he may have felt the stipulation of counsel regarding loss of the record of objections to the refusal of requested instructions rendered such notice unnecessary. No attack has been made upon the affidavits of the judge and his reporter and, as stated, they are part of the agreed record on appeal. It is not probable defendants' counsel would have stipulated the record, containing objections by counsel to the refusal of requested instructions, had been lost or mislaid if such objections were insufficient. Nor do we understand defendants' counsel have any desire not to abide by their stipulation.

Like the statute it supersedes, rule 341 fixes no time within which the record may be corrected. See Dowling v. Webster County, 154 Iowa 603, 607, 134 N.W. 870.

We have held courts of record have inherent power, independent of statute, to supply their own lost records. Gammon & Deering v. Knudson, 46 Iowa 455, 456; Loomis v. McKenzie, 48 Iowa 416, 420. A sworn certificate of a judge and clerk has been accepted to show certain items in an amended transcript were lost. Coffeen v. Hammond, 3 (G. Greene) Iowa 241.

In Patton v. Lund, 114 Iowa 201, 206, 86 N.W. 296, 297, after an appeal was taken, plaintiff secured a correction of the record in the district court to show defendant took no exception to the refusal of a requested instruction. The opinion says of this, "The finding that no exception was taken, while not conclusive, bears the weight of the trial judge's conclusion, and should not be disturbed, in the absence of a clear showing of

error." See also State v. Lavin, 80 Iowa 555, 557, 46 N.W. 553; Wessman v. Sundholm, 228 Iowa 344, 351, 291 N.W. 137.

Under the peculiar circumstances here we conclude plaintiff made sufficient objection to the refusal of her third requested instruction.

III. On defendants' motion at the close of plaintiff's evidence the court withdrew from jury consideration, as without evidential support, the charges of negligence against defendants except that of failure to yield to the Law car half the traveled way by turning to the right, in violation of Code section 321.298. Plaintiff's assignment of error in this ruling must be sustained. In considering the sufficiency of evidence of the withdrawn charges of course it is our duty to view it in the light most favorable to plaintiff. Law v. Hemmingsen, supra, 247 Iowa 855, 857, 76 N.W.2d 783, 784; Ehrhardt v. Ruan Transport Corp., 245 Iowa 193, 196, 61 N.W.2d 696, 698, and citations.

The first withdrawn charge is that defendant-driver was negligent in failing to keep a proper lookout on the road ahead. There is substantial evidence that at the time of the collision defendants' truck was partly in its left-hand lane and did not turn from its course prior to the impact. On this issue, as well as that of speed, testimony as to the surface and width of the highway and other conditions then existing is relevant. The 18-foot roadway and adjoining shoulders were covered with two to four inches of snow which was then falling, it was dark and both vehicles were lighted, the roadway was very slick from packed snow and ice, it was difficult if not impossible to see the center line or edges of the pavement, a truck comparable to defendants' measured 7 feet 10 inches in width, the tank was filled with gasoline, the curve near which the collision occurred was not banked but was about level.

On the issue of lookout Pazen v. Des Moines Transportation Co., 223 Iowa 23, 272 N.W. 126, and Hackman v. Beckwith, 245 Iowa 791, 802, 803, 64 N.W.2d 275, 282, are controlling. Indeed this case is materially stronger than Hackman's since his evidence was wholly circumstantial as opposed to direct testimony of defendant-driver. This from the Hackman opinion applies here:

"There was evidence * * * that defendants' vehicle was on its left-hand side. As said in Pazen v. Des Moines Transportation Co., 223 Iowa 23, 27, 28, 272 N.W. 126, unless we are to presume it was driven there willfully, there arises a fair inference of failure to keep a proper lookout. Motorists do not ordinarily drive on the left in the face of a near approaching vehicle if they see it coming; and if they do not, the question of lookout may become a material one, proper for the jury's consideration."

As in the case at bar, defendants in Hackman v. Beckwith, supra, relied upon Ehrhardt v. Ruan Transport Corp., supra, 245 Iowa 193, 61 N.W.2d 696, which the Hackman decision distinguishes on its facts. Soreide v. Vilas & Co., 247 Iowa 1139, 1150, 78 N.W.2d 41, 47, 48, follows the Hackman case on the question of submitting lack of proper lookout.

Testimony of defendant-driver that he first saw the Chevrolet at a distance of about 200 feet did not justify withdrawing the issue of failure of proper lookout. His duty in this respect was not fully met, especially under the hazardous conditions then existing, by merely seeing the oncoming car. Nor was the jury bound to believe this testimony. Much that is said in Pazen v. Des Moines Transportation Co., supra, 223 Iowa 23, 30, 272 N.W. 126, 130, is pertinent here. We quote only these excerpts:

"The term 'proper lookout' means more than to look straight ahead, or more than seeing the object. It implies being watchful of the movements of his own vehicle as well as the movements of the thing seen. * * * Having glanced ahead of him and observed the approach of the other truck, the rule which required him to keep a proper lookout had not been fully met. They were meeting on an 'S' curve. The pavement was slippery. It was in the nighttime with the glare of the headlights. * * * A proper lookout called upon the driver * * * to ascertain where he was driving with reference to the middle of the pavement, and also with reference to the position of the other vehicle approaching, and to govern his speed in such a way as to be able to keep his machine under control and upon his proper side of the pavement, in order to avoid a collision.

"* * * Certainly if the jury believed the defendant's driver,

the question of lookout or the question of speed had nothing to do with the case, for according to his story he was always over on the right half of the pavement. But they were not obliged to believe him."

Rebmann v. Heesch, 227 Iowa 566, 579, 288 N.W. 695, quotes most of the above language, and Ehrhardt v. Ruan Transport Corp., supra, 245 Iowa 193, 199, 61 N.W.2d 696, 700, summarizes it. See also Coon v. Rieke, 232 Iowa 859, 865, 6 N.W.2d 309, 312; Lauman v. Dearmin, 246 Iowa 697, 702, 703, 69 N.W.2d 49, 52; 60 C. J. S., Motor Vehicles, section 284a, page 664 ("A more diligent observation is required where * * * climatic conditions have made the highway * * * more hazardous to drive on than usual, * * *.").

IV. On the issue of failure to reduce speed of the truck Mr. Law testifies to an estimated speed of 35 to 40 miles an hour and *there was no change therein prior to the collision.* Code section 321.285 requires driving at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway and other existing conditions. Section 321.288 requires a motorist to have his vehicle under control and reduce its speed to a reasonable and proper rate when approaching and traversing a curve in a highway. In his testimony defendant Hemmingsen refers to "the curve at the scene of the accident."

In view of the dangerous driving conditions referred to in Division III the jury could properly find defendant-driver was negligent in failing to reduce his speed at the time of the collision. Whether negligence in this respect or in the matter of lookout proximately caused the collision was also a jury question. Pazen v. Des Moines Transportation Co., supra, 223 Iowa 23, 26–31, 272 N.W. 126; Slabaugh v. Eldon Miller, Inc., 244 Iowa 29, 33, 34, 55 N.W.2d 528, 530; Hackman v. Beckwith, supra, 245 Iowa 791, 803, 64 N.W.2d 275, 283.

V. The remaining charge of negligence the court, on defendants' motion, withdrew from the jury at the close of plaintiff's evidence is that defendant-driver was negligent in that he had vision in one eye only and failed to operate his truck in accordance with the degree of care required of one with such

vision. We are inclined to agree with this part of the ruling on the ground the allegation does not constitute a proper specification of negligence.

It is well settled by our decisions and those generally that the degree of care required of persons who are blind, partially blind or have other known infirmities is ordinary care under the circumstances. A person so afflicted must put forth greater effort and employ keener watchfulness than one under no such disability in order to attain the standard of care the law has established for all. The jury must give due consideration to the infirmity and all other circumstances in determining whether he acted with the care a reasonably prudent person similarly afflicted would exercise.

See in support of these views Hill v. City of Glenwood, 124 Iowa 479, 482, 483, 100 N.W. 522; Hall v. City of Shenandoah, 167 Iowa 735, 740, 149 N.W. 831; Balcom v. City of Independence, 178 Iowa 685, 692, 693, 160 N.W. 305, L. R. A. 1917C 120, 14 N. C. C. A. 391; Greenlee v. City of Belle Plaine, 204 Iowa 1055, 1062, 1063, 216 N.W. 774; Wilson v. Bittner, 129 Ore. 122, 276 P. 268, 64 A. L. R. 132; Annotations, 141 A. L. R. 721, 28 A. L. R.2d 12, 27–30; 5A Am. Jur., Automobiles and Highway Traffic, section 767.

Since the degree of care required of defendant-driver, even if he had vision in only one eye, was ordinary care under the circumstances the above allegation merely amounts to saying he was negligent because he failed to operate his truck with ordinary care. This was not made a proper specification of negligence by stating one circumstance connected with the operation —partial blindness.

VI. On defendants' objection as immaterial and irrelevant the trial court refused, on the ground it was not proper cross-examination, to permit plaintiff to show by defendant-driver he had no vision in his left eye. A proffer to show the same fact by another witness was also refused. We are clear these rulings were error. The witness testified fully as to his observations at and immediately prior to the collision in an obvious attempt to show he acted carefully and the sole cause of the collision, as defendants alleged, was the negligence of the driver Law. The proffered evidence bears on defendant-driver's

ability to make the observations he said he made and the probability of his having done so.

Further, the fact Hemmingsen had no vision in his left eye has a bearing on his ability to maintain a proper lookout and whether he did so. It is apparent the range of vision of such a person, especially to the left, is at least somewhat restricted. The Law car was approaching this curve in defendants' left-hand lane. The attempt to justify this ruling repeatedly emphasizes defendants' contention there was no issue or evidence of improper lookout—a contention with which we have expressed disagreement.

We have no statutory duty of lookout. It is a common-law duty to exercise ordinary care under the circumstances in maintaining a lookout. Jesse v. Wemer & Wemer Co., 248 Iowa 1002, 1011–1013, 82 N.W.2d 82, 86, 87, and citations.

Under the precedents cited in Division V, Hemmingsen's lack of vision in his left eye was one of the circumstances or conditions surrounding the collision which the jury was entitled to know and consider. No authority to the contrary has come to our attention.

Hill v. City of Glenwood, supra, 124 Iowa 479, 483, 100 N.W. 522, 523, says: "In determining whether he did exercise due care it was proper for the jury * * * to consider his blindness, and in view of that condition, and all the surrounding facts and circumstances, find whether he exercised ordinary care and prudence."

5A Am. Jur., Automobiles and Highway Traffic, section 942, page 833, states: "Evidence of any physical defect * * * existing at the time of the accident * * * is admissible." See also Campbell v. Trate, 112 Colo. 265, 149 P.2d 380, 384; Sewell v. Goodman, 55 Ga. App. 247, 189 S.E. 857.

VII. The court refused to receive in evidence photographs of plaintiff, properly identified as accurately showing her badly injured face, at a time two months and six days following the collision, on the sole ground they were immaterial because not taken immediately after she was injured. There is no suggestion the medical or surgical treatment of the injuries was not proper or skillful. Since the verdict was for defendants this ruling, of which plaintiff complains, may not be regarded as

prejudicial to her. The evidence bears on the extent of damage, not on right of recovery. However, we have no doubt the ruling was error which should be avoided upon another trial.

It is true trial courts ordinarily have a fair discretion whether to admit photographs in evidence. Hansen v. Franklin County, 247 Iowa 1287, 1291, 78 N.W.2d 805, 807 (and citations), where there was a proper exercise of such discretion. Here these photographs were excluded solely because the court felt plaintiff's condition resulting from her injuries at a time other than immediately after the collision was immaterial. Such a ruling may not be upheld as a fair exercise of discretion.

Knox v. City of Granite Falls, 245 Minn. 11, 19, 72 N.W.2d 67, 73, 53 A. L. R.2d 1091, 1100, is closely in point. The opinion states: "The photographs here were clearly relevant in showing Donna's condition as bearing upon the extent of her pain and suffering, and the fact that they were taken three months after the accident does not, of itself, render them inadmissible."

See also Birmingham Electric Co. v. McQueen, 253 Ala. 395, 44 So.2d 598, 602; McNally v. Chauncy Body Corp., 315 Ill. App. 190, 197, 42 N.E.2d 853, 856, 857; Moeller v. Hauser, 237 Minn. 368, 54 N.W.2d 639, 648, 57 A. L. R.2d 364; Alberti v. New York, L. E. & W. R. Co., 118 N. Y. 77, 23 N.E. 35, 38, 6 L. R. A. 765; Cady v. Department of Labor and Industries, 23 Wash.2d 851, 162 P.2d 813, 818.

VIII. Over proper objection by plaintiff, defendants' witness Keller was permitted to testify to a conversation between him and plaintiff's father as to how the collision occurred. The evidence was offered as impeachment of the witness Law by showing a prior oral statement inconsistent with his testimony. It is not contended the conversation might be shown for any other purpose.

Plaintiff's claim of error in this ruling must be upheld since there was no attempt to lay a foundation for Keller's testimony by calling Mr. Law's attention to the claimed conversation. Such a foundation was necessary. In re Will of Smith, 245 Iowa 38, 47, 48, 60 N.W.2d 866, 871, 872; In re Estate of Repp, 241 Iowa 190, 195, 40 N.W.2d 607, 610; Richmond Bros. v. Sundburg & Co., 77 Iowa 255, 258, 42 N.W. 184; People v. Perri, 381 Ill. 244, 44 N.E.2d 857, 859; Carroll v. Pratt, 247

Minn. 198, 76 N.W.2d 693, 697, 698; Bartek v. Glasers Provisions Co., 160 Neb. 794, 71 N.W.2d 466, 471; 58 Am. Jur., Witnesses, sections 776, 779; 98 C. J. S., Witnesses, section 599 ("The inflexible, rigidly enforced, rule * * * is that in order to impeach a witness of an adverse party by oral testimony of inconsistent or contradictory statements, a foundation first must be laid, * * *."); Idem, section 604a(1).

IX. Over plaintiff's proper objection and motion to strike which were overruled, defendants' witness Hale, proprietor of a gasoline filling station to which defendants supplied gasoline products, testified he said to Mr. Law sometime in 1952 or 1953, "It seems to me the owner of the truck should sue him, because he had run into them." The witness did not see the collision and knew nothing of it except what he had been told. This evidence was incompetent and should have been stricken.

X. Other evidence of both oral and written statements by plaintiff's witnesses was received solely for impeachment of them. The testimony was admissible only as tending to discredit the witnesses, not as substantive proof of the matters related in the statements. Hoover v. Hoover, 238 Iowa 88, 93, 94, 26 N.W.2d 98, 101, and citations; In re Estate of Repp, supra, 241 Iowa 190, 195, 40 N.W.2d 607, 610; 20 Am. Jur., Evidence, section 458; 98 C.J.S., Witnesses, section 628. The jury was not so admonished either orally by the court or in the written instructions. It had no way of knowing the limited effect to be given the impeaching testimony. Upon another trial the jury should be properly instructed upon this point. Broderick v. Barry, 212 Iowa 672, 237 N.W. 481, 75 A.L.R. 1530; Wieneke v. Steinke, 211 Iowa 477, 482, 483, 233 N.W. 535; 88 C.J.S., Trial, section 311; 53 Am. Jur., Trial, section 670.

We have not discussed all the contentions of the parties and deem it unnecessary to do so. They have all been carefully considered. Other assigned errors are either without merit or are not likely to recur upon another trial. Because of the errors pointed out herein plaintiff is entitled to another trial—Reversed and remanded.

All JUSTICES concur except PETERSON, C. J., who takes no part, and SMITH, J., not sitting.