**Loren C. COLE and Kathryn Cole, Appellants,**

v.

**STATE AUTOMOBILE & CASUALTY UNDERWRITERS, Appellees.**

No. 64194.

Supreme Court of Iowa.

Sept. 17, 1980.

Michael E. Runyon, Des Moines, for appellants.

David L. Phipps, of Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, for appellees.

HARRIS, Justice.

This appeal is controlled by a choice of law. The question is whether Iowa or Minnesota law should govern an uninsured, hit–and–run motorist provision in an automobile insurance policy. The trial court, applying Iowa law, upheld the provision's exclusion of liability where there is no actual physical contact. We believe Minnesota law should apply and accordingly reverse the trial court.

Plaintiffs, husband and wife, are both residents of Des Moines in Polk County, Iowa. The claim of Kathryn Cole is derived through injuries to her husband, Loren. Kathryn was not present when the accident occurred in Minnesota on September 18, 1977. Loren was riding with his son Jackie R. Cole in Jackie's tractor–trailer truck when they were forced off the road by another, unidentified vehicle.

No actual physical contact occurred between Cole's truck and the other vehicle; the alleged hit–and–run accident was of the "phantom" variety. Loren sustained severe injuries, most notably the shortening of one of his legs.

Jackie R. Cole was a resident of Minnesota and held a policy of insurance issued by the defendant (State Auto). Jackie had procured the policy through State Auto's agent, Dennis Poppenhagen, at Detroit Lakes, Minnesota. The policy was routinely issued to a Minnesota resident through a Minnesota insurance agent. Both the agent and the policyholder assumed that Minnesota law would apply.

Jackie signed a policy agreement on December 1, 1976. It contained a subscriber's agreement which stated the insurance would not be effective until approved at the home, branch, or underwriting offices of State Auto. The policy was received in Des Moines for approval December 3. The trial court found that Iowa law should apply since the policy by its terms was made binding when accepted in Iowa.

The policy specifies that it covers damages caused by uninsured automobiles. The policy says that uninsured automobiles include hit–and–run vehicles, but, crucially, only insofar as they have caused "bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident . . . . ."

Minnesota law invalidates the requirement of physical contact for coverage by injuries by hit–and–run vehicles. The Minnesota Supreme Court abrogated the contractual physical contact requirement as contrary to their statute and public policy. *Halseth v. State Farm Mut. Auto. Ins. Co.,* 268 N.W.2d 730 (Minn.1978). The applicable Minnesota statute, Minn.St. § 65B.49, subd. 4, contains no explicit requirement of physical contact. The Minnesota Supreme Court said:

It is undisputed that the purpose of the policy provision is the prevention of fraudulent claims. [Authority.] In spite of that purpose, many courts have held the policy requirement in contravention of the intent of uninsured–motorist statutes and against public policy. [Authorities.] . . . .

We are persuaded, however, that the physical–contact requirement is unreasonable and that it contravenes the intent

of our uninsured–motorist statute. In *Brunmeier v. Farmers Insurance Exchange*, 296 Minn. 328, 331, 208 N.W.2d 860, 862 (1973), we stated:

" . . . [I]t was the intention of the legislature to confer on automobile liability policyholders benefits against uninsured motorists in no less amounts than such policyholders would have realized against insured motorists."

268 N.W.2d at 733.

Under Iowa law, however, the physical contact requirement would persist. The Iowa statute, section 516A.1, The Code 1979, allows requiring "physical contact of such hit–and–run motor vehicle" for uninsured coverage. This is in sharp contrast with the Minnesota statute (§ 65B.49, subd. 4, quoted in *Halseth*, 268 N.W.2d at 731). Consequently, we have held the result under Iowa's statute to be different:

Iowa falls within the third type of statute, found in a few states: mandatory coverage as to uninsured motorists and also as to hit–and–run motorists where physical contact occurs. The courts which have considered claims under such statutes have enforced the physical contact requirement in the unidentified motorist situation such as we have here.

*Rohret v. State Farm Mut. Auto. Ins. Co.,* 276 N.W.2d 418, 420 (Iowa 1979).

In common with most states facing choice–of–law questions we have long struggled with competing interests. On the one hand the public needs predictability in its conflict–of–law rules. On the other hand there is a need for flexibility. These conflicting needs were long reflected in our opinions and in those from other states.

Some choice–of–law opinions aimed for simplicity, uniformity, and predictability. This approach, which was adopted in 1934 in the Restatement of Conflict of Laws, proceeded from the belief that conflicts problems should focus on the vesting of the interests of the litigants. This view presupposed that all rights and obligations under a contract vested at a certain time and place and was controlled by the law of that place. This simple but harsh view was applied in a

number of our own opinions. In *Insurance Managers v. Calvert Fire Ins. Co,* 261 Iowa 155, 163, 153 N.W.2d 480, 484 (1967), we adhered to the rule as quoted from 44 C.J.S. Insurance § 52: An insurance policy is governed

as to its nature, validity, and interpretation or construction . . . by the law of the place where it was made or consummated, unless the parties clearly appear to have intended the law of a different place to govern . . . .

. . . . .

A contract of insurance is deemed to have been made in the state where the last act was done which was necessary to create the contract.

We cited the same rule in *Bjork v. Dairyland Insurance Company*, 174 N.W.2d 379, 382 (Iowa 1970).

The American Law Institute abandoned the simple, harsh approach in the Restatement (Second) of Conflict of Laws. The second Restatement recognizes widespread repudiation of the test espoused in the first Restatement. Under the second Restatement there are two general rules. First, with certain restrictions not applicable here, contracting parties can themselves determine the law which is to control. Restatement (Second) of Conflict of Laws, § 187. The second rule applies where the parties do not make the choice. The court then applies the law of the jurisdiction with the "most significant relationship" to the transaction in dispute. Restatement (Second) of Conflict of Laws, § 188. In *Willmotte & Co. v. Rosenman Bros.*, 258 N.W.2d 317, 327–28 (Iowa 1977), we committed ourselves to the two tests described in the second Restatement. The two tests were also recognized in *Lindstrom v. Aetna Life Ins. Co.*, 203 N.W.2d 623, 628 (Iowa 1973).

■ We think it is clear that choice–of–law questions are now to be determined under the Restatement (Second) test: intent of the parties or the most significant relationship. In failing to recognize this the trial court erroneously applied the discarded rules of the first Restatement.

■ Under the facts here there is no difference between the intent of the parties and the most significant relationship test. The insured, Jackie, and his agent, Poppenhagen, plainly intended the insurance policy to be governed by Minnesota law. The intent of Jackie is shown in the record by his affidavits. The policy itself contains an endorsement stating that State Auto's obligation to pay "in accordance with the Minnesota no–fault automobile insurance act . . . . ."

The most significant relationship test also comes down in favor of Minnesota law. It was of no importance to the insured or his agent that the insurer's home office was in Des Moines, Iowa. It was only a coincidence that the plaintiffs happened to be residents of Iowa. The policy was sold in a Minnesota transaction to a Minnesota resident by a Minnesota agent in order to establish an insurer–insured relationship in Minnesota. Under either test Minnesota law applies. .

It follows that the trial court erred in determining that Iowa law should apply. The vehicle used in the trial court to test the question was a motion for summary judgment by the defendants which the trial court sustained. That ruling is reversed and the case is remanded for entry of a ruling in conformance herewith.

REVERSED AND REMANDED.

All Justices concur, except LARSON and SCHULTZ, JJ., who take no part.