**WAYNE COUNTY MUTUAL INSUR-
ANCE COMPANY, Appellant,**

v.

**Laddie E. GROVE, Appellee.**

**No. 65575.**

Supreme Court of Iowa.

April 21, 1982.

Michael J. Streit and Paul M. Goldsmith, William L. Shelton, P. C., Chariton, for appellant.

John N. Moreland, Ottumwa, for appellee.

Considered by LeGRAND, P. J., and HARRIS, McCORMICK, LARSON, and SCHULTZ, JJ.

HARRIS, Justice.

The question is whether plaintiff insurance company is the real party in interest. After paying a fire loss the company brought this suit to recover from defendant whose negligence caused the fire. The trial court denied relief solely because it found the company was not the real party in interest. On the company's appeal we reverse the trial court and remand for entry of judgment for the plaintiff.

Defendant and his brother are beneficiaries of a testamentary trust set up by their father. The principal trust asset is a family farm. When the trust terminates defendant and his brother will share all its assets.

The two brothers drove to the farm to paint the farmhouse and, while there, defendant started to clean up the remains of a collapsed corn crib. Eventually he decided to burn it. Sparks from the fire spread to a nearby barn which contained a substantial amount of baled alfalfa hay and oat straw, as well as various tools and, possibly, some oats. The barn and its contents were completely destroyed.

The trustee had insured the barn and its contents with plaintiff, $3000 for the barn and $1000 for its contents. Plaintiff was subrogated to the rights of the insured. After the fire, plaintiff paid the $4000 and then filed this petition on the claim the loss resulted from defendant's negligence in burning the crib.

The trial court found that defendant's negligence was the proximate cause of the fire and loss. But relief was denied on defendant's claim the company was not the real party in interest.

I. In the petition plaintiff gratuitously alleged it was the real party in interest. This claim, along with others, was denied in defendant's answer. Although plaintiff contends otherwise we are confident the real party in interest issue was within the pleadings of the case. Normally the question is introduced by a defendant as an affirmative defense. But the present pleadings (plaintiff's assertion and defendant's denial) are not unique. *Grings v. Great Plains Gas Co.*, 260 Iowa 1309, 1318–19, 152 N.W.2d 540, 545 (1967). The real party in interest question was properly before the trial court and was preserved for our review.

II. "Every action must be prosecuted in the name of the real party in interest." Iowa R.Civ.P. 2. We explained the rationale of the rule many times, recently in *United Sec. Ins. Co. v. Johnson*, 278 N.W.2d 29, 30 (Iowa 1979):

A defendant may question whether plaintiff is the real party in interest when it is necessary to protect him or her from multiple suits or permit defendant to assert the defenses or counterclaims available against the real party in interest, [Authority], or in order that defendant's payments to plaintiff or plaintiff's recovery against him or her would protect defendant from third party claims or harassment. [Authority.].

The rule has special application where an insurer becomes subrogated to an insured after paying a loss. When the insurance payment covers the entire loss the insurer becomes the real party in interest and may bring an action. Where the insurance covers only a portion of the loss the right of action remains in the insured for the entire loss. 278 N.W.2d at 31. The question here becomes whether the loss exceeded the $4000 paid.

The trial court found that the value of the property lost in the fire exceeded the $4000, a finding binding on us if supported by substantial evidence. Iowa R.App.P. 14(f)(1). The hay and straw in the barn exceeded $1000 in value. In addition there were other items of personal property.

We nevertheless think the purpose of the real party requirement has been satisfied here. The rule is a shield, not a sword; it merely holds that a person should be called but once to defend a suit. Although the actual loss here does not precisely square with the insurance payment we are satisfied there is no realistic possibility of further suit on the claim.

The trust was the sole owner of the claim and the trustee testified full compensation had been paid. The trust was closed February 22, 1975. The statute of limitations for injuries to property is five years. § 614.-1(4), The Code. The fire occurred August 4, 1973.

Defendant argues the possibility of further suit has not been disproved to an absolute certainty. The statute of limitations is an affirmative defense and is sometimes tolled. Defendant, an Ames, Iowa, attorney, admitted to practice since 1973, theoretically could claim to have been a nonresident for a period following the fire. Nonresidency might toll the statute. § 614.-6(1), The Code. But we conclude such possibilities are simply too remote to support a fear of further suit. So on this record it seems that application of the rule would not serve its intended purpose. Application here would merely allow defendant eventually to receive a windfall by being able to show he caused more than $4000 in damages.

It would be more accurate to view the insurer in plaintiff's situation as a proper but not a necessary party. 46 C.J.S. Insurance § 1209(c)(2)c. The obvious remedy for a defendant who honestly fears the specter of defending successive suits is to act under Iowa R.Civ.P. 25(a) to join any other possible plaintiff. A flaw in defendant's position is the practical problem pointed out long ago by the Wisconsin Supreme Court. It is often not until verdict that plaintiff is aware that the actual loss might exceed the insurance paid. *Patitucci v. Gerhardt*, 206 Wis. 358, 360, 240 N.W. 385, 386 (1932).

This is the situation here. Defendant, not the plaintiff, had the means to know the loss might be said to exceed the coverage. These matters came to light during the litigation, necessarily after the parties were selected.

The trial court erred in barring plaintiff's recovery on the ground it was not the real party in interest. We reverse the trial court and remand for entry of judgment for the plaintiff.

REVERSED AND REMANDED.

All Justices concur except McCORMICK, J., who concurs specially.

McCORMICK, Justice (concurring specially).

Here the tortfeasor was a principal beneficiary of the trust whose assets were insured by plaintiff. The assets, including the insurance proceeds, have been distributed and the trust has been closed for several years. The tortfeasor made no objection to the trustee's report or any claim that the present cause of action was an undisclosed asset. Now he seeks to avoid liability for the tort by proving he did more damage than the amount for which the insurer wishes to hold him accountable. In these circumstances, I agree, for the reasons stated by the court, that the real party in interest rule does not bar the present action.

I also adhere to the views expressed in the dissenting opinion in *United Security Insurance Co. v. Johnson*, 278 N.W.2d 29, 30–32 (Iowa 1979). Those views are consistent with the construction of Iowa R.Civ.P. 2 in *M–Z Enterprises, Inc. v. Hawkeye-Security Insurance Company*, —— N.W.2d —— (Iowa 1982), filed separately this date.