Thomas W. **FREEZE**, Appellant,

v.

**AMERICAN HOME PRODUCTS CORPORATION**, Appellee.

No. 86–2558.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1987.

Decided Feb. 10, 1988.

Kevin M. Abel, Des Moines, Iowa, for appellant.

Edwin N. McIntosh, Des Moines, Iowa, for appellee.

Before JOHN R. GIBSON, Circuit Judge, ROSS, Senior Circuit Judge, and HENLEY, Senior Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Thomas W. Freeze appeals from the judgment of the district court[1] concluding that a forfeiture provision of the American Home Products Management Incentive Plan was enforceable and that he was not entitled to benefits under the Plan. The sole issue on appeal is whether the district court erred in applying the Iowa choice-of-law rules. We affirm the judgment of the district court.

The material facts are essentially undisputed. In 1978, Thomas Freeze was living in Pennsylvania and wanted to return to Iowa. He began employment discussions with American Home Products Corporation at its New York headquarters. Freeze was hired in December, 1978 as president of Fort Dodge Laboratories, a division of American Home Products located in Fort Dodge, Iowa. American Home Products sent Freeze a confirming letter setting forth the terms and conditions of his compensation, including a description of the Management Incentive Plan. No mention was made that the Plan would be governed or interpreted in accordance with New York law.

Under Freeze's direction, Fort Dodge Laboratories' performance improved dramatically[2] and Freeze became entitled to contingent stock awards under the company's Management Incentive Plan. The Plan provided for contingent stock awards to be distributed over a ten-year period after termination of employment with the company. One of the conditions of the Plan was that if Freeze left American Home Products and became an officer, director, employee, owner, or partner of an entity that "conducts a business in competition with [American Home Products] or renders a service * * * to competitors with any portion of the business of [American Home Products]" he would forfeit the undelivered portion of the award.

Each year Freeze was sent a letter notifying him he had received an award under the Plan. The letter told him to read the conditions of the award as disclosed in the Plan; stated that any legal questions arising under the Plan would be decided under the law of New York; and requested him to sign and return a copy of the letter to signify acknowledgment of notification of the award and "acceptance of New York law as governing Plan interpretations." A

---

1. The Honorable William C. Stuart, Senior United States District Judge for the Southern District of Iowa.

2. In 1977, the year before Freeze became president, Fort Dodge Laboratories reported a net loss of $255,000; four years later, in the last full year Freeze headed the division, net income before taxes exceeded 6 million dollars.

copy of the Plan was included with each letter.

Freeze signed and returned copies of the letter for the years 1979 through 1983, although he testified he did not read these letters closely and was unaware that New York law would govern interpretation of the Plan. Freeze resigned from American Home Products in August, 1984. He received one payment under the Plan. In March, 1985, Freeze became President of Diamond Scientific Co., and the American Home Products Incentive Compensation Committee concluded that Diamond Scientific competed with Fort Dodge Laboratories and that Freeze was disqualified from further participation in the Plan.

Freeze filed suit seeking a declaratory judgment that the forfeiture provision of the Plan was unenforceable under Iowa law. The district court, applying Iowa choice-of-law rules, held that New York law governed and that the Plan's forfeiture provision was enforceable under New York law.

▮ To determine whether New York or Iowa law governed the issues in the case the district court correctly applied the conflicts of law rules of Iowa, the forum state. *See Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496–97, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941); *Pritchard–Keang Nam Corp. v. Jaworski,* 751 F.2d 277, 281 n. 4 (8th Cir.1984), *cert. dismissed,* 472 U.S. 1022, 105 S.Ct. 3491, 87 L.Ed.2d 625 (1985). The Supreme Court of Iowa has adopted the Restatement (Second) of Conflict of Laws (1971) approach to conflicts-of-law questions involving contracts. *Cole v. State Automobile & Casualty Underwriters,* 296 N.W.2d 779, 781 (Iowa 1980); *Joseph L. Wilmotte & Co. v. Rosenman Bros.,* 258 N.W.2d 317, 326 (Iowa 1977).

▮ Section 187 of the Restatement permits parties to agree on the law to be applied to the contract so long as it does not override the public policy of a state having a materially greater interest in the transaction. *Wilmotte & Co.,* 258 N.W.2d at 328. The district court applied § 187 of the Restatement and concluded that the parties agreed to apply New York law to the construction and interpretation of the Management Incentive Plan, and that under New York law the provision was enforceable. The district court further held that the exception of § 187 did not apply since Iowa did not have a materially greater interest in the issues of this case and, at any rate, application of New York law did not violate a fundamental policy of Iowa. While we are not bound by a district court's interpretation of state law, *Kansas State Bank v. Citizens Bank,* 737 F.2d 1490, 1496 (8th Cir.1984) (en banc), we give great weight to decisions of experienced district court judges on state law questions. *Shidler v. All American Life & Financial Corp.,* 775 F.2d 917, 920 (8th Cir.1985); *Pyle v. Dow Chemical Co.,* 728 F.2d 1129, 1131 (8th Cir.1984).

Freeze argues the exception of § 187 applies because New York law violates a fundamental policy of Iowa, which has a materially greater interest in the determination of the relevant issues, and that under Iowa law, the forfeiture provision is unenforceable. Freeze maintains that Iowa has a materially greater interest in the issues of this case because he is a resident of Iowa and Fort Dodge Laboratories is located there. While recognizing these Iowa interests, the district court catalogued a number of factors tying New York to the contract: the home office of American Home Products is located in New York; the Management Incentive Plan is administered in New York; and award decisions are made in New York. Based on these interests the court concluded that New York had a materially greater interest in the determination of the issues in this case. In considering the interests of both states, we cannot say this conclusion is erroneous. *See Sarnoff v. American Home Products Corp.* 798 F.2d 1075, 1082 (7th Cir.1986); *Wilmotte & Co.,* 258 N.W.2d at 326–28.

Moreover, we cannot say that the district court erred in finding that the forfeiture in this case did not violate a fundamental policy of Iowa. The district court distinguished the forfeiture here from other forfeitures held unenforceable by the Iowa Supreme Court, on the grounds that the

forfeiture was of an unpaid incentive bonus plan rather than vested pension rights, *Van Hosen v. Bankers Trust*, 200 N.W.2d 504, 508 (Iowa 1972), or compensation earned as part of the employee's wage package. *Pathology Consultants v. Gratton*,[3] 343 N.W.2d 428, 436 (Iowa 1984). We cannot conclude the district court erred in so holding. *See Sarnoff*, 798 F.2d at 1082–84; *Cinelli v. American Home Products*, 785 F.2d 264 (10th Cir.1986); *see also Maytag Co. v. Alward*, 112 N.W.2d 654 (Iowa 1962) (employer entitled to rescind stock option agreements and recover stock already sold to employee when employee left employment within the period he had promised to stay).

 Alternatively, Freeze contends that the district court erred in applying § 187 of the Restatement, rather than § 188. Section 188 governs in the absence of an effective choice of law by the parties. Under § 188 the law of the jurisdiction with the "most significant relationship" to the transaction and the parties applies. Restatement (Second) Conflict, § 188 (1971); *Cole*, 296 N.W.2d at 781. Freeze urges that by "slipping" the governing law clause into a congratulatory form letter, there was no effective contractual choice of law. The district court determined that the parties by their conduct, made an enforceable agreement to apply New York law to the interpretation of the Management Incentive Plan. Each year, Freeze received an award letter requesting him to sign and return a copy of the letter acknowledging the notification of the award and "acceptance of New York law as governing Plan interpretations." Freeze signed and returned this letter as instructed for five years. The letter was plain in its purport and effect; although it was congratulatory, a perfectly valid contract was formed. *See*

*Sarnoff*, 798 F.2d at 1080. We therefore cannot conclude the district court erred in applying § 187.[4] The judgment is affirmed.

---

**3.** Although *Gratton* involved forfeiture of a deferred compensation plan, the plan itself and effects of a forfeiture were markedly different from the case here. In *Gratton*, the deferred compensation consisted of distributions payable to a doctor, a stockholder of the corporation, as part of his usual compensation which was paid as deferred compensation only for tax purposes. *Id.* at 435. In that case, if the forfeiture were enforced, a monopoly on laboratory services

would have resulted and the employee doctor would have been forced to divert work to his former employer at the expense of his new employer.

**4.** For similar reasons, we reject Freeze's argument that the choice-of-law provision was an unenforceable adhesion contract.