**BALBOA INSURANCE COMPANY, Plaintiff–Appellee/Cross–Appellant,**

v.

**PIXLER ELECTRIC OF SPENCER, IOWA, INC., Defendant–Appellant/Cross–Appellee.**

No. 90–1383.

Court of Appeals of Iowa.

Feb. 25, 1992.

Joseph L. Fitzgibbons and David A. Lester of Fitzgibbons Brothers, Estherville, for defendant-appellant/cross-appellee.

Mark A. Roeder of The Roeder Law Firm, Manchester, for plaintiff-appellee/cross-appellant.

Heard by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

DONIELSON, Presiding Judge.

Ernest Hoelterhoff was a stockholder in Kirned, Ltd., a corporation which operated a business in Spencer, Iowa. The business, Twentieth Century Lanes, was insured by the plaintiff, Balboa Insurance Company (Balboa). On July 16, 1984, the Twentieth Century Lanes building was damaged by fire. Shortly thereafter, Kirned, Ltd. asked the defendant, Pixler Electric of Spencer, Iowa, Inc. (Pixler), to reconnect the electricity at the bowling alley. Pixler completed the requested electrical work on July 19, 1984. However, Pixler failed to obtain an electrical permit or authority from the city electrical inspector as required by municipal ordinance. Pixler also failed to conduct a visual inspection or test, prior to reenergizing the electrical lines, to determine whether the first fire had degraded the insulation of the electrical wiring. Furthermore, it is unclear whether Pixler warned Hoelterhoff of the possible danger in leaving the electricity on for an extended period of time.

A second fire, which is the subject of this litigation, occurred at the bowling alley on July 19, 1984, the day Pixler completed the electrical work. The second fire again caused extensive damage to the bowling alley. After subtracting a $500 deductible under the insurance policy, Balboa paid Kirned, Ltd. and Hoelterhoff $800,266.30 for damages resulting from the fires. While the loss sustained exceeded the payment received, Hoelterhoff indicated that neither he nor Kirned, Ltd. had any intent to pursue a claim against Pixler.

Balboa then brought a subrogation action against Pixler, alleging negligence and breach of implied warranty. Pixler filed a motion for summary judgment asserting that Balboa was not the real party in interest. Pixler argued the real party in interest was Hoelterhoff as the owner of Kirned, Ltd. which operated the bowling alley. In support of his motion for summary judgment, Pixler asserted the uncontested facts that the losses suffered by the property owners exceeded the amount of the insurance payment and the payment made accounted for the deductible provided in the policy.

The district court denied Pixler's motion for summary judgment. The court found the property owners had no intention of bringing suit against Pixler and, therefore, the purpose of the real party in interest rule (to protect defendants from multiple suits) would not be frustrated by allowing the action to be prosecuted by Balboa.

The case was tried to a jury. Balboa contended the second fire was electrical in origin. Balboa alleged that Pixler had been negligent and caused the second fire by: (1) energizing permanent wiring that had been damaged by the first fire, (2) failing to obtain a permit or written authority from the municipal electrical inspector prior to reconnecting the electricity as required by municipal ordinance, and (3) energizing the wires without performing an adequate visual inspection or performing a test to determine whether the wiring insulation had been degraded by the first fire. Pixler defended asserting the source of the fire was not electrical.

The jury found Pixler was ten percent at fault and Balboa was ninety percent at fault for the damages that resulted from the second fire. On June 19, 1990, the district court entered a judgment dismissing Balboa's claim. On June 27, 1990, Bal-

boa filed a motion for new trial arguing, among other things, the jury's verdict failed to administer substantial justice. Pixler, on the other hand, filed an application to tax its deposition expenses and expert witness fees as court costs.

On September 5, 1990, the district court entered a judgment granting Balboa a new trial. The district court determined the instruction on Balboa's insured's comparative fault lacked the proper specificity regarding the conduct constituting fault and the lack of specificity prejudiced Balboa. The court concluded the jury's assignment of ninety percent of the fault to Balboa was the result of the erroneous breadth of the comparative fault instructions.

On Pixler's application, the court allowed an expert witness fee to be taxed as a court cost, but denied the remainder of the motion.

Pixler appeals, and Balboa cross-appeals. Our scope of review is for the correction of errors at law. Iowa R.App.P. 4. We will affirm the trial court if any reason for affirmance appears in the record. *See Hewitt v. City of Des Moines*, 300 N.W.2d 121, 126 (Iowa 1981); *Kelly v. Brewer*, 239 N.W.2d 109, 113 (Iowa 1976).

■ I. *Pixler's Motion for Summary Judgment.* Pixler first argues the trial court erred in denying its motion for summary judgment. Pixler argues that, based upon the uncontested facts, the trial court should have held the real party in interest rule barred the action. We disagree.

■ Rule 2, Iowa Rules of Civil Procedure, provides that every claim must be prosecuted in the name of the real party in interest. *See Leasing, Inc. v. Gage*, 199 N.W.2d 43, 44 (Iowa 1972). This, the real party in interest rule, has special application when an insurer becomes subrogated to an insured after paying a loss. *Wayne County Mut. Ins. v. Grove*, 318 N.W.2d 192, 193 (Iowa 1982). For example, "[w]hen the insurance payment covers the entire loss the insurer becomes the real party in interest and may bring an action." *Id.* When the insurance covers only a portion of the loss, however, "the right of

action remains in the insured for the entire loss." *Id.* (citing *United Sec. Ins. Co. v. Johnson*, 278 N.W.2d 29, 31 (Iowa 1979)). Similarly, when the insured assumes the loss to the extent of a deductible, the insured again remains the real party in interest. *See generally, Johnson*, 278 N.W.2d 29. Pixler argues that for these reasons Balboa was not the real party in interest and the action should have been dismissed, citing *Johnson*, 278 N.W.2d at 31, for the proposition that the proper remedy for violation of Rule 2 is dismissal of the petition.

■ However, the purpose of the real party in interest rule is to protect defendants from multiple suits. *Grove*, 318 N.W.2d at 193. "The rule is a shield, not a sword; it merely holds that a person should be called but once to defend a suit." *Id.* In this case, the trial court found Hoelterhoff made it clear neither he nor his company had any desire to be parties to this or any future lawsuit. Additionally, because the fires had occurred more than five years prior to the filing of the summary judgment motion, any future suit by Hoelterhoff or Kirned, Ltd. would have been barred by the statute of limitations. *See* Iowa Code § 614.1(4) (1991) (five-year statute of limitations on property damage claims). As such, the possibility of a future suit was simply too remote to support Pixler's claimed fears.

In any event, "[t]he obvious remedy for a defendant who honestly fears the specter of defending successive suits is to act under Iowa R.Civ.P. 25(a) to join any other possible plaintiff." *Grove*, 318 N.W.2d at 193; *see also Johnson*, 278 N.W.2d at 31–32 (McCormick, J. dissenting). We, therefore, affirm the trial court's denial of Pixler's motion for summary judgment.

■ II. *Balboa's Motion for New Trial.* Second, Pixler argues the trial court erred in granting Balboa's motion for a new trial. We disagree.

A trial court has broad discretion in determining whether a verdict effectuates substantial justice between the parties. Iowa R.App.P. 14(f)(3). Our scope of re-

view is for an abuse of that discretion. *Witte v. Vogt,* 443 N.W.2d 715, 716 (Iowa 1989). To show an abuse of discretion, one must generally demonstrate that the court exercised its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Blackwell,* 238 N.W.2d 131, 138 (Iowa 1976). We are slower to interfere with the grant of a new trial than with its denial. Iowa R.App.P. 14(f)(4); *Witte,* 443 N.W.2d at 717. Trial courts should grant new trial "whenever their superior and more comprehensive judgment teaches them that the verdict of a jury fails to administer substantial justice...." *Witte,* 443 N.W.2d at 717 (citing *Feldhahn v. Van DeVenter,* 253 Iowa 1194, 1197, 115 N.W.2d 862, 864 (1962)).

The trial court granted Balboa's motion for new trial finding the jury's verdict failed to administer substantial justice. The court found the jury instructions submitted on the issue of Balboa's comparative fault were not sufficiently specific.

We find no abuse of the trial court's discretion. From an examination of the instructions, the evidence, and the jury's apportionment of fault, it appears the jury found the source of the fire was electrical. That is, to have assessed ten percent of the fault to Pixler, the jury must have rejected the alternative theory asserted by Pixler that the fire started from a nonelectrical source. However, after examining the record before us, the only plausible support for the jury's assessment of ninety percent of the fault to Balboa was evidence that Balboa's insured had been instructed to turn the electricity off before leaving the building but failed to do so. According to the instructions submitted, in order to assess fault to Balboa, the jury need only have found Balboa's insured failed "to exercise ordinary care for the preservation of its own property after the first fire and prior to the second fire."

We agree with the trial court's determination that the instructions regarding Balboa's comparative fault were insufficiently specific. To be sufficiently specific an instruction "should identify either (a) a certain thing the allegedly negligent person did which the party should not have done, or (b) a certain thing that party omitted to do which should have been done, under the legal theory of negligence which is applicable." *Rinkleff v. Knox,* 375 N.W.2d 262, 266 (Iowa 1985); *see also Gardner v. Johnson,* 231 Iowa 1233, 1235, 3 N.W.2d 606, 607 (1942) (merely giving the jury an abstract definition having no application to the controversy does not enable the jury to return an intelligent verdict). Because we agree the jury was improperly instructed, we find no abuse of the trial court's discretion in granting Balboa's motion for new trial.

III. *Pixler's Application to Tax Deposition Expenses as Court Costs.* Pixler asked the court to tax $2,090.45 it had incurred in deposing five witnesses as court costs. The court refused to do so, and Pixler argues the court's refusal constitutes reversible error. We disagree.

Our scope of review on this issue is for an abuse of the trial court's discretion. *See Woody v. Machin,* 380 N.W.2d 727, 730 (Iowa 1986). The trial court's discretion in determining whether deposition expenses are to be taxed as court costs is governed by Rule 157(a), Iowa Rules of Civil Procedure. The rule provides:

> Costs of taking and proceeding to procure a deposition shall be advanced by the party taking it, and he cannot use it in evidence until such costs are paid. The costs shall be noted in the return or certificate, and taxed by the clerk. The judgment shall award against the *losing party* only such portion of these costs as were necessarily incurred for testimony offered and admitted upon the trial.

Iowa R.Civ.P. 157(a) (emphasis added). Because we now affirm the trial court's grant of Balboa's new trial motion, the losing party has not yet been determined. As such, costs need not be assessed at this time. We, therefore, affirm the trial court's denial of Pixler's application to tax deposition expenses to Balboa as costs.

IV. *Admissibility of Statement of Undisputed Facts.* In its cross appeal, Balboa argues the trial court erred in prohibiting the introduction of the statement of undisputed facts contained in Pixler's mo-

tion for summary judgment as judicial admissions by Pixler. Alternatively, Balboa argues the court erred in denying its request to read the statements into the record as evidence of Pixler's position. Because we now uphold the court's grant of a new trial, we need not address Balboa's cross appeal. Despite Balboa's request, we see no reason to provide guidance to the trial court on this potential evidentiary issue.

The costs of this appeal are taxed to Pixler.

For all the reasons stated, the judgment of the district court is affirmed.

AFFIRMED.

SACKETT, J., takes no part.