GABE'S CONSTRUCTION COMPANY,
INC., and Continental Casualty
Company, Appellees,

v.

UNITED CAPITOL INSURANCE
COMPANY, Appellant.

No. 94–1733.

Supreme Court of Iowa.

Oct. 25, 1995.

Barbara A. Hering and Karl T. Olson of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellant.

Ronald M. Rankin of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for appellees.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN, JJ.

ANDREASEN, Justice.

Gabe's Construction Company, Inc. (Gabe) and its insurer Continental Casualty Company (Continental) brought an action against United Capitol Insurance Company (United) seeking reimbursement of amounts Gabe ultimately paid for defense costs and settlement of personal injury claims against Gabe. United refused to defend the personal injury claims because its policy excluded coverage for bodily injury "arising out of" the use of an automobile. The district court applied Iowa law in construing the policy exclusion and entered judgment in favor of Gabe and against United. We affirm the district court's judgment.

## I. Background Facts and Proceedings.

In 1988 Gabe entered into a general contractor's agreement with Iowa–Illinois Gas & Electric Company (Iowa–Illinois) to install gas feeder and distribution facilities in Mahaska County, Iowa. Sovde Brothers, Inc. (Sovde) was engaged in the business of pipeline construction and entered into a subcontractor/supplier agreement with Gabe to perform work on the gas line project. As a part of the subcontracting agreement, Sovde agreed to procure and maintain liability insurance on Gabe's behalf. Gabe was named as an additional insured under a United commercial general liability policy previously issued to Sovde.

In October 1988, while Sovde was engaged in construction work at the site, an accident occurred when a vehicle operated by John R. Rhodes collided with a winch truck owned by Sovde and parked on the roadway by a Sovde employee. Rhodes and his wife filed suit in the Iowa district court seeking damages for personal injuries against Sovde, Gabe, and Iowa–Illinois. Rhodes allege Sovde was negligent in leaving a motor vehicle unattended on the traveled portion of a public roadway and in failing to warn motorists a motor vehicle was parked in the traveled portion of a public roadway. Allegations of negligence against Gabe included failing to take reasonable precautions to insure the public roadway was kept in a reasonably safe condition for passing motorists, and failing to inspect and properly supervise the construction project to ensure the public roadway was kept in a reasonably safe condition for passing motorists.

United denied coverage and refused to defend the claims against Gabe based on the auto exclusion. Gabe was also insured under a commercial general liability policy issued by Continental. Continental defended Gabe and eventually settled the claims against Gabe and Iowa–Illinois. The amount paid in settlement plus the defense costs were ultimately repaid to Continental by Gabe.

Gabe and Continental brought this action in April 1993 seeking reimbursement from United for the amounts paid in settlement and defense costs. The parties by agreement submitted the case to the court on stipulated facts and briefs. After a hearing the district court, applying Iowa law, entered judgment against United for the settlement and defense costs.

On appeal United urges the primary issue is whether Minnesota or Iowa law governs the construction and interpretation of the United policy and its auto exclusion. We also address whether the claims against Gabe are within the coverage extended to an additional insured under the United endorsement and whether the United policy is primary or excess insurance.

## II. Standard of Review.

■ Our scope of review is for correction of errors at law. Iowa R.App.P. 4. The district court's findings of fact are binding if supported by substantial evidence. Iowa R.App.P. 14(f)(1). When neither party offers extrinsic evidence about the meaning of an insurance policy's language, the construction

of the policy and the interpretation of its language are matters of law for the court to decide. *Kalell v. Mutual Fire & Auto. Ins. Co.*, 471 N.W.2d 865, 866–67 (Iowa 1991).

### III. *Choice of Law.*

■ The auto exclusion in United's policy excludes coverage for bodily injury "arising out of" the ownership or use of any auto owned by any insured. When construing an auto exclusion clause in a general liability policy, Iowa gives the words "arising out of" a narrow or restrictive construction. *Grinnell Mut. Reinsurance Co. v. Employers Mut. Casualty Co.*, 494 N.W.2d 690, 693 (Iowa 1993). In *Grinnell* we noted

> [t]here is a split of authorities among the various jurisdictions concerning whether the policy exclusion for motor vehicle-related injuries is applicable where the particular accident is alleged to have resulted from more than one cause, one of which is nonvehicle-related.

*Id.* Minnesota case law has given broad meaning to the words "arising out of" when construing an auto exclusion clause of an insurance policy. *St. Paul Sch. Dist. v. Columbia Transit*, 321 N.W.2d 41, 46 (Minn. 1982).

Both *Grinnell* and *St. Paul* involve the application of the auto exclusion to claims of negligent supervision of children who were struck by the insured's school bus. We held the auto exclusion would not apply unless the vehicle-related negligence was, or could have been determined to be the sole proximate cause of the injury. *Grinnell*, 494 N.W.2d at 693–94. In contrast, the Minnesota court indicated that all that need be established to make the auto exclusion applicable was a "but for" causal relationship between the use of the vehicle and the injury. *St. Paul*, 321 N.W.2d at 46. Whether the claims asserted against Gabe "arose out of" the use of an automobile depends on whether the court applies Minnesota or Iowa law to the interpretation and construction of the United policy.

■ We determine choice-of-law issues in insurance policy cases by the intent of the parties or the most significant relationship test. *Cole v. State Auto. & Casualty Underwriters*, 296 N.W.2d 779, 781 (Iowa 1980). In the absence of a choice-of-law clause in the policy, the rights of the parties are determined by the law of the state which "has the most significant relationship to the transaction and the parties." Restatement (Second) of Conflict of Laws § 188(1) (1971). The contacts to be taken into account include:

(a) the place of contracting,

(b) the place of negotiation of the contract,

(c) the place of performance,

(d) the location of the subject matter of the contract, and

(e) the domicile, residence, nationality, place of incorporation and place of business of the parties.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

*Id.* § 188(2).

United claims Minnesota has the most significant relationship. The insurance policy was procured in Minnesota by Sovde, a Minnesota corporation with its primary business in Minnesota, through a Minnesota insurance agent. Because the policy provided general liability coverage for all of Sovde's operations, United argues it would be illogical and inconsistent to apply the law of the state where the act giving rise to the claim occurred. Such construction could result in the application of a different interpretation in each state. United urges the court adopt the group insurance approach that the applicable law is the state where the master policy is delivered. *See Lindstrom v. Aetna Life Ins. Co.*, 203 N.W.2d 623, 627 (Iowa 1973).

We conclude Iowa has the most significant relationship to the transaction and the parties. The Restatement provides additional guidance for contracts of fire, surety or casualty insurance:

> The validity of a contract of fire, surety or casualty insurance and the rights created thereby are determined by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless with respect to the particular issue, some

other state has a more significant relationship....

Restatement (Second) of Conflict of Laws § 193 (1971). Liability insurance is one of the various kinds of casualty insurance. *Id.* cmt. a.

Under the terms of the United policy, the general liability coverage applied separately to each insured against whom claim is made or suit is brought. Although United issued the policy to Sovde (effective April 18, 1988) for all its business operations inside and outside the state of Minnesota, liability for the claims against Gabe arises from the endorsement (effective August 31, 1988) naming Gabe as an additional insured. The relationship between United and Gabe was for the sole and express purpose of protecting Gabe from liability arising from the project in Iowa. As shown by the certificate of insurance issued by United, the extension of coverage to Gabe "applies only with respect to the installation of a gas feeder and distribution facility at Eddyville, IA ... which has been subcontracted by the named insured." We find the principal location of United's risk during the term of Gabe's endorsement was in Iowa.

■ The district court was correct in applying Iowa law in determining the proper construction of the term "arising out of" in the auto exclusion in United's policy. The court concluded that United failed to establish the vehicle-related negligence as the sole proximate cause of the accident. The court's findings of facts are supported by substantial evidence and its conclusions are in accord with Iowa law.

### IV. *Coverage Under United's Endorsement.*

■ United urges liability for the claims of negligence against Gabe arises out of Gabe's own work, not out of Sovde's work, and therefore the claims are beyond the coverage extended to an additional insured under the United endorsement. The endorsement listed Gabe as an insured "but only for liability which arises out of 'your work' for that insured by or for you." The parties agree that this policy language provides coverage to Gabe only for liability arising out of work performed by Sovde.

We conclude that Gabe's liability arose out of Sovde's work. The accident occurred at the construction site during the course of Sovde's work. Rhodes' petition alleged Gabe "is liable for the negligence of Defendant Sovde Brothers, Inc." in various nonvehicle-related particulars. This claim is within the coverage extended by the endorsement.

### V. *Primary–Excess Insurance.*

■ United urges Continental's policy was primary, or in the alternative, the two policies were excess and the settlement and defense costs should be prorated. Both policies contain identical "other insurance" clauses providing in pertinent part:

> If other valid and collectible insurance is available to the insured for a loss we cover ..., our obligations are limited as follows:
> a. Primary Insurance
> This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in c. below.
> b. Excess Insurance
> This insurance is excess over any other insurance, whether primary, excess, contingent or on any other basis:
> (1) That is Fire, Extended Coverage, Builders Risk, Installation Risk or similar coverage for "your work";
> (2) That is Fire insurance for premises rented to you; or
> (3) If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to [the auto exclusion].

The United policy provides primary insurance unless the underlying loss fits into one of the enumerated categories under which the insurance is deemed excess. Subparts (b)(1) and (2) do not apply, because, even if the Continental policy was "other insurance" it is not coverage for Sovde's work, nor is it fire insurance. Subpart (b)(3) does not apply, because the liability on the part of Gabe

did not arise out of the use of "autos" but from nonvehicle-related negligence.

Furthermore, the introductory language makes the "other insurance clause" applicable only if "other valid and collectible insurance is available." Although Continental undertook the defense and made the initial payment to settle the claims, Gabe was required to reimburse Continental for the settlement and defense costs. This essentially leaves Gabe ultimately responsible for the claims. Consequently, Gabe is the real party in interest and there is no other valid and collectible insurance available to cover the losses actually paid by Gabe. *See Balboa Ins. Co. v. Pixler Elec., Inc.*, 484 N.W.2d 396, 398 (Iowa App.1992) (an insured who assumes a loss to the extent of a deductible is the real party in interest). Accordingly, Gabe is entitled to full reimbursement of the defense and settlement costs from United.

**AFFIRMED.**